**In re William T. DARLING and C. Ann Darling, Debtors.**

**SOUTH TRUST BANK OF SOUTHWEST FLORIDA, N.A., Plaintiff,**

v.

**William T. DARLING and C. Ann Darling, Defendants.**

**Bankruptcy No. 94–248–9P1. Adv. No. 94–216.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Aug. 24, 1994.

Louis D. D'Agostino, Naples, FL, for plaintiff.

Edward R. Miller, Naples, FL, for defendants.

## ORDER ON DEFENDANT'S MOTION TO DISMISS ADVERSARY COMPLAINT

ALEXANDER L. PASKAY, Chief Judge.

This is a Chapter 11 case and the matter under consideration is a Motion to Dismiss the Complaint. The Motion under consideration is filed by William T. Darling and his wife C. Ann Darling (Debtors) who contend that the Complaint filed by South Trust Bank of Southwest Bank (Bank) is time barred thus subject to dismissal. The facts which are relevant to resolution of this con-troversy are without dispute and can be sum-marized as follows.

On October 18, 1993, the Debtors filed their Petition for Relief under Chapter 11 in the United States Bankruptcy Court for the Eastern District of Pennsylvania. On De-cember 2, 1993, the clerk in Pennsylvania issued the customary Notice of the Com-mencement of the Case which included the bar date of February 28, 1994, for filing complaints to determine dischargeability of debts. The Notice also provided the date set for the meeting of creditors scheduled to be held on December 29, 1993. On December 2, 1993, or before the scheduled meeting of creditors, the Bankruptcy Court in Pennsyl-vania entered an Order and transferred the entire Chapter 11 case to this District. Upon receipt of the file, the clerk of this court, rather than merely resetting the meet-ing of creditors, issued a new Notice of the Commencement of the Case on January 10, 1994, in which it notified parties of interest, including the Bank, that the last date to file a Complaint for Determination of Discharge-ability of certain Debts was April 19, 1994. The Bank relied on the bar date published in this Notice and filed its Complaint to deter-mine the dischargeability of the Debtors' ob-ligations on April 4, 1994, or after the first date before the expiration of the second bar date.

The Bank's Complaint consists of five counts. The first three counts are based upon § 523(c) of the Code. The remaining two counts are based upon § 727(a)(5) and § 727(a)(4) of the Code respectively.

■ Time to file Complaints, pursuant to § 523(c) challenging the dischargeability of debts pursuant to § 523(a)(2), (4) and (6) is governed by F.B.R.P. 4007(c) which provides:

TIME FOR FILING COMPLAINT UNDER 523(c) ...

A complaint to determine the discharge-ability of any debt pursuant to § 523(c) of the Code shall be filed not later than 60 days following the first date set for the meeting of creditors held pursuant to § 341(a). The court shall give all creditors not less than 30 days notice of the time so fixed in the manner provided in Rule 2002. On motion of any party in interest, after

hearing on notice, the court may for cause extend the time fixed under this subdivision. The motion shall be made before the time has expired.

The plain meaning of the text leaves no doubt that the bar date is determined by the *first date* set (emphasis supplied) for the meeting of creditors held pursuant to § 341(a) of the Code, which in the present instance was December 29, 1993. Thus, it follows that the Complaint under consideration filed on April 4, 1994 or after the bar date fixed by the clerk in Pennsylvania was untimely unless this Court is willing to accept the proposition that the correct bar date is April 19, 1994, which event the Complaint filed on April 4th was timely. In support of this proposition the Bank cites several cases in which courts permitted the Complaint to stand even though it was filed after the 60 days fixed by F.R.B.P. 4007(c) when the creditor relied on the incorrect bar date stated in the Notice of the Commencement of the Case. *In re Anwiler,* 958 F.2d 925 (9th Cir.1992).

In a recent case of *In re Kenneth L. Isaacman* the Sixth Circuit concluded that the bankruptcy courts may use their equitable power to accept untimely complaints that are filed in reliance on the clerk's erroneous representation of the bar date. *In re Kenneth L. Isaacman,* 26 F.3d 629 (6th Cir.1994). The factual situation involved in *Isaacman* is strikingly similar to the facts involved in this case. The Petition in *Isaacman* was originally filed in the Northern District of Georgia but transferred to the Western District of Tennessee. Upon receipt of the case the clerk in Tennessee re-noticed the meeting of creditors four days before the bar date originally established in Georgia before the case was transferred. When the creditor's attorney asked the clerk's office in Tennessee the bar date she was told that a new bar date was set. The bankruptcy court dismissed the complaint as untimely which Order was affirmed by the District Court. On appeal, the Sixth Circuit reversed and ruled that the attorney's reliance on the information was reasonable. The Court stated that "To hold otherwise we believe would create an unjust result because parties are entitled to rely on information issued by the bankruptcy courts." The Court also noted that it was irrelevant whether the creditor relied on the bar date contained in the notice or on the information received on the phone. See also *In re Wellman,* 89 B.R. 880 (Bankr.D.Colo. 1988); *Matter of Hickey,* 58 B.R. 106 (Bankr. S.D.Ohio 1986); *In re Sibley,* 71 B.R. 147 (Bankr.D.Mass.1987). The decision of the Eleventh Circuit in *Byrd v. Alton,* 837 F.2d 457 (11th Cir.1988) is not contrary to the cases just cited. *Alton* did not involve erroneous information concerning the bar date emanating from the clerk's office, but an attempt by a tardy creditor to obtain an extension of the bar date after the bar date had already expired. The court held that the Rule is unambiguous and clear and any request for extension of the bar date must be made before the expiration of the 60 days fixed by the Rule.

The facts in this case are on all four and in most respects identical with the facts involved in *Isaacman* with the exception the in the present case the second bar date was set prior to the expiration of the original bar date set in Pennsylvania, and thus the Bank had a right to assume the second notice superseded the first and the original bar date was also superseded by the second bar date, in this instance April 19, 1944. While this Court is disinclined to accept the proposition urged by the Bank that when a case is transferred from one district to another the transfer starts a new case. This Court is satisfied that this proposition is not supported either by the Code or by the Rules. Under the authorities cited, it is clear that this Court may use its equitable power and retain the Complaint filed by the Bank.

■ The Complaint under consideration also contains two Counts, as noted earlier, in which the Bank challenged the Debtor's right to a general discharge based on § 727(a)(4) and (a)(5). The time to file complaints objecting to the general discharge in Chapter 11 cases is governed by F.R.B.P. 4004(a) which provides:

TIME FOR FILING COMPLAINT OBJECTING TO DISCHARGE ...

In a chapter 11 reorganization case, such complaint shall be filed not later than the

first date set for the hearing on confirmation. Not less than 25 days notice of the time so fixed shall be given to the United States trustee and all creditors as provided in Rule 2002(f) and (k) and to the trustee and the trustee's attorney.

While the reference to § 727(a) in this Rule in connection with a Chapter 11 case is unfortunate since § 727 does not apply to Chapter 11 cases, *see* § 103(a), it is evident that these claims are equally not time barred simply because in this case hearing on confirmation is yet to be set. Based on the foregoing, this Court is satisfied that the Motion to Dismiss is not well taken and should be denied.

According it is

ORDERED, ADJUDGED AND DECREED that the Motion to Dismiss be and the same is hereby denied. It is further

ORDERED, ADJUDGED AND DECREED that the Debtors shall file their Answer to the Complaint within 15 days from the date of the entry of this Order. It is further

ORDERED, ADJUDGED AND DECREED that if the Debtors file an Answer, the Clerk shall promptly schedule a pre-trial conference. It is further

ORDERED, ADJUDGED AND DECREED that in the event the Debtors fail to file their Answer on or before the date fixed by this Order, the Bank may proceed to seek a final judgment by default.

DONE AND ORDERED.